IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 21 2000

JAMES W. McCORMACK, CLERK
By: _____ DEPT. CLERK

MARGARETE MERRIWEATHER     PLAINTIFF

VS.     NO. 4-00-CV-0325 GTE

ARKANSAS WAFFLES, INC.
A/K/A WAFFLE HOUSE     DEFENDANT

This case assigned to District Judge _____
and to Magistrate Judge _____

**COMPLAINT**

Comes the Plaintiff, Margarete Merriweather, and for her Complaint against the Defendant, alleges and states as follows:

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§1337 and 1343(4) and 42 U.S.C. §2000e-5(f). Plaintiff also invokes this Court's pendent jurisdiction. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.* ("Title VII") and the common law.

2. The unlawful employment practices alleged in this complaint were committed in Pulaski County in the Eastern District of Arkansas.

3. The Plaintiff, Margarete Merriweather, is a female citizen of the United States of America and a resident of Pulaski County, Arkansas.

4. Plaintiff avers on information and belief that Defendant, Arkansas Waffles a/k/a Waffle House ("Arkansas Waffles") is a corporation organized and existing under the laws of the United States of America, is qualified to do business in Arkansas and does business in Pulaski County under the name "Waffle House."



5. The Defendant is an "employer" within the meaning of §701(b) of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII

6. Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about August 24, 1999.

7. On or about April 13, 2000, Plaintiff received from the EEOC a "notice of right to sue" entitling her to commence this action within 90 days of her receipt of that notice.

8. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action. Neither the State of Arkansas nor the City of Little Rock has a law prohibiting the unlawful employment practices alleged in this complaint under which Plaintiff was obliged to make a complaint or charge.

## COUNT I

9. Plaintiff was employed by the Defendant from August 10, 1998 until August 14, 1999. At various times during Plaintiff's employment she was subjected to verbal and physical sexual harassment by an assistant manager employed by the Defendant, Waffles of Arkansas.

10. Plaintiff was led to believe by Defendant's agent that her employment opportunities at the Company and those of other female employees would be enhanced by acceding to the sexual advances and suggestions of the assistant manager.

11. Plaintiff was also obliged to work in an atmosphere which was hostile to females by virtue of unsolicited and unwelcome sexual advances, requests for sexual favors and other verbal and physical conduct of a sexual nature.

12. This sexual harassment was sufficiently pervasive to alter the conditions of Plaintiff's employment and create a working environment which was intimidating, insulting and abusive to female employees.

13. As a result of Plaintiff's refusal to provide sexual favors to Defendant's agent, Plaintiff was terminated by Defendant.

14. Defendant discriminated against Plaintiff because of her sex in violation of § 703(a) of Title VII by terminating and otherwise discriminating against Plaintiff, by engaging in, tolerating or failing to prevent the sexual harassment alleged above and by failing to take affirmative action to correct and redress these unlawful employment practices.

15. Defendant also discriminated against Plaintiff in violation of § 704 of Title VII by terminating and otherwise discriminating against her because of her opposition to the unsolicited and unwelcome sexual advances forced upon her and the other sexual harassment in her workplace.

16. Plaintiff believes, and thus avers, that the effect of the Defendant's unlawful employment practices has been to limit, classify and discriminate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII; and Plaintiff, a victim of such practices, is now and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to her solely because of her sex in sums to be proved at trial.

17. Plaintiff has no plain, adequate or complete remedy at law to correct the Defendant's unlawful employment practices, and the injunctive and other equitable relief she seeks is her only

means of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

18. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights under federal law.

19. Plaintiff is entitled to recover from the Defendant reasonable attorneys' fees as provided in § 706(k) of Title VII.

## COUNT II

20. Plaintiff reasserts, realleges and incorporates herein paragraphs 1 through 20.

21. During Plaintiff's employment by the Defendant, one of its agents, acting without Plaintiff's consent and contrary to her stated wishes, verbally and otherwise, in a vulgar and unwelcome manner suggested that Plaintiff partake in sexual acts with him.

22. This conduct and other incidents of harassment because of Plaintiff's sex exceed the bounds of decency tolerated in Arkansas. The harassment directed at the Plaintiff which ultimately caused the termination of her employment was either intended to cause her severe emotional distress or was perpetrated with a reckless indifference to the likelihood that it would cause such distress.

23. Within one week of Plaintiff refusing the sexual advances of her assistant manager (an agent of Defendant), the assistant manager terminated Plaintiff.

24. Plaintiff went to her assistant manager's immediate supervisor and complained of the sexual advances. The supervisor just laughed and took no action.

25. Such conduct by Defendant and its agents is outrageous and unconscionable.

26. Defendant is therefore liable to the Plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of its employees.

27.   In addition to the relief afforded by Title VII, Plaintiff seeks, as a result of the intentional infliction of mental distress upon her, compensatory damages incurred or to be incurred by her and punitive damages in an aggregate amount of $300,000.

WHEREFORE, premises considered, Plaintiff prays as follows: (a) Declare that the employment practices complained of in this Complaint are unlawful in that they violate Title VII; (b) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII; (c) order the Defendant to make the Plaintiff whole by reinstating her with full back pay, bridged seniority and reimbursement for all loss of pension, retirement, insurance, Social Security and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (d) order that the Defendant pay the Plaintiff a sum in excess of $300,000 as compensatory and punitive damages; (e) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (f) order the Defendant to pay Plaintiff's costs and expenses and reasonable attorneys' fees as provided in Title VII in connection with this action; (g) trial by jury; and (h) grant such other and further relief to the Plaintiff as the Court deems just and proper.

Respectfully submitted,

SOUTHERN & ALLEN
1501 North University Avenue
Suite 500
Little Rock, AR 72207
(501) 666-0400

BY _____
HENRY "GUS" ALLEN #74002
Attorneys for Plaintiff