FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 6 2000

JAMES W. McCORMACK, CLER
BY _____ DEP CLE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARGARETE MERRIWEATHER                                      PLAINTIFF

v.                          CASE NO. 4:00CV0325 GTE

ARKANSAS WAFFLES, INC.
a/k/a WAFFLE HOUSE                                          DEFENDANT

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Arkansas Waffles, Inc., for its answer to complaint and affirmative defenses, states:

1.      Answering paragraph 1 of the complaint, defendant admits this Court has jurisdiction over properly and timely filed claims under Title VII and over state law claims comprising the same case of controversy as is involved in the federal claim. To the extent paragraph 1 purports to state any violation of state or federal law against defendant, defendant denies such allegation.   Except as admitted, defendant denies each and every allegation contained in paragraph 1 of the complaint.

2.      Answering paragraph 2 of the complaint, defendant admits this Court is the proper venue for plaintiff's action. To the extent paragraph 2 purports to state any violation of state or federal law against defendant, defendant denies such allegation.   Except as admitted, defendant denies each and every allegation contained in paragraph 2 of the complaint.

3.      Answering paragraph 3 of the complaint, defendant admits plaintiff is a female citizen of the United States. Defendant is without sufficient information to admit or deny the allegation that plaintiff is a current resident of Pulaski County, Arkansas.

4

4.      Answering paragraph 4 of the complaint, defendant admits that it is a corporation licensed to do and doing business in, among other places, Pulaski County, Arkansas and that it operates restaurants under the name "Waffle House." To the extent paragraph 4 purports to state any violation of state or federal law against defendant, defendant denies such allegation. Except as admitted, defendant denies each and every allegation contained in paragraph 4 of the complaint.

5.      Answering paragraph 5 of the complaint, defendant admits it is an employer as that term is defined by Title VII. To the extent paragraph 5 purports to state any violation of state or federal law against defendant, defendant denies such allegation. Except as admitted, defendant denies each and every allegation contained in paragraph 5 of the complaint.

6.      Answering paragraph 6 of the complaint, defendant is without sufficient information to admit or deny the allegation that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 24, 1999 and/or that such charge was timely-filed. To the extent paragraph 6 purports to state any violation of state or federal law against defendant, defendant denies such allegation. Except as admitted, defendant denies each and every allegation contained in paragraph 6 of the complaint.

7.      Answering paragraph 7 of the complaint, defendant is without sufficient knowledge to admit or deny the allegation that plaintiff received a notice of right to sue on or about April 13, 2000. Defendant admits plaintiff filed the instant action within 90 days of the date the EEOC issued plaintiff a notice of right to sue on charge number 251991341. To the extent paragraph 7 purports to state any violation of state or federal law against defendant, defendant denies such allegation. Except as admitted, defendant denies each and every allegation contained in paragraph 7 of the complaint.

20824-1

8.      Answering paragraph 8 of the complaint, defendant is without sufficient information to admit or deny the allegations contained in paragraph 8 of the complaint.  To the extent paragraph 8 purports to state any violation of state or federal law against defendant, defendant denies such allegation.  Except as admitted, defendant denies each and every allegation contained in paragraph 8 of the complaint.

9.      Answering paragraph 9 of the complaint, defendant admits that it employed plaintiff from approximately August, 1998 until approximately August, 1999.  Defendant denies each and every other allegation contained in paragraph 9 of the complaint.

10.     Answering paragraph 10 of the complaint, defendant denies each and every allegation contained in paragraph 10 of the complaint.

11.     Answering paragraph 11 of the complaint, defendant denies each and every allegation contained in paragraph 11 of the complaint.

12.     Answering paragraph 12 of the complaint, defendant denies each and every allegation contained in paragraph 12 of the complaint.

13.     Answering paragraph 13 of the complaint, defendant denies each and every allegation contained in paragraph 13 of the complaint.

14.     Answering paragraph 14 of the complaint, defendant denies each and every allegation contained in paragraph 14 of the complaint.

15.     Answering paragraph 15 of the complaint, defendant denies each and every allegation contained in paragraph 15 of the complaint.

16.     Answering paragraph 16 of the complaint, defendant denies each and every allegation contained in paragraph 16 of the complaint.

20824-1

17.     Answering paragraph 17 of the complaint, defendant denies each and every allegation contained in paragraph 17 of the complaint.

18.     Answering paragraph 18 of the complaint, defendant denies each and every allegation contained in paragraph 18 of the complaint.

19.     Answering paragraph 19 of the complaint, defendant denies each and every allegation contained in paragraph 19 of the complaint.

20.     Answering paragraph 20 of the complaint, defendant admits and denies the allegations set forth in paragraphs 1-19 to the same extend as admitted or denied above.  To the extent paragraph 20 purports to state any violation of state or federal law against defendant, defendant denies such allegation.  Except as admitted, defendant denies each and every allegation contained in paragraph 20 of the complaint.

21.     Answering paragraph 21 of the complaint, defendant denies each and every allegation contained in paragraph 21 of the complaint.

22.     Answering paragraph 22 of the complaint, defendant denies each and every allegation contained in paragraph 22 of the complaint.

23.     Answering paragraph 23 of the complaint, defendant denies each and every allegation contained in paragraph 23 of the complaint.

24.     Answering paragraph 24 of the complaint, defendant denies each and every allegation contained in paragraph 24 of the complaint.

25.     Answering paragraph 25 of the complaint, defendant denies each and every allegation contained in paragraph 25 of the complaint.

26.     Answering paragraph 26 of the complaint, defendant denies each and every allegation contained in paragraph 26 of the complaint.

20824-1

27.     Answering paragraph 27 of the complaint, defendant denies each and every allegation contained in paragraph 27 of the complaint.

28.     Answering the WHEREFORE paragraph of the complaint, defendant denies plaintiff is entitled to relief as requested in the WHEREFORE paragraph of the complaint or otherwise.

29.     Defendant denies each and every allegation of the complaint that defendant has not specifically admitted in paragraphs 1 – 28, above.

WHEREFORE, without admitting any of the allegations of plaintiff's complaint that it has previously denied, and without waiving any of the foregoing, defendant states the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

30.     Plaintiff's action or inactions preclude assertion of plaintiff's present claims.

### SECOND AFFIRMATIVE DEFENSE

31.     Failure of plaintiff to mitigate any claim for damages.

### THIRD AFFIRMATIVE DEFENSE

32.     Defendant avers this action is frivolous, unreasonable, and groundless, and accordingly, defendant is entitled to reasonable attorneys' fees and other costs associated with the defense of this action.

### FOURTH AFFIRMATIVE DEFENSE

33.     Defendant asserts that it acted reasonably and in compliance with the law at all times relevant hereto.

20824-1

## FIFTH AFFIRMATIVE DEFENSE

34.     Defendant asserts it maintains and enforces a policy prohibiting sexual harassment, including, without limitation, a method of raising complaints of sexual harassment and retaliation and of remediating such complaints in compliance with applicable law, and that plaintiff unreasonably failed to use such policy and procedures.

## SIXTH AFFIRMATIVE DEFENSE

35.     To the extent plaintiff complains of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, this Court lacks jurisdiction of such claims under Title VII.

## SEVENTH AFFIRMATIVE DEFENSE

36.     To the extent plaintiff complains of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, such claims are barred under Title VII by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

37.     Defendant avers the affirmative defense of laches.

## NINTH AFFIRMATIVE DEFENSE

38.     Defendant avers plaintiff's claims and the remedies sought are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

39.     Defendant avers plaintiff is estopped from alleging in her Title VII action any matters that were not properly alleged in the Charge of Discrimination timely filed with the EEOC.

20824-1

## ELEVENTH AFFIRMATIVE DEFENSE

40.    Defendant avers that plaintiff and the remedies sought are barred by the principle of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

41.    Defendant avers that any alleged violations of law attributed to any employee of defendant were committed, if at all, outside the scope of that employee's employment with defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

42.    Defendant did not authorize any unlawful acts of which plaintiff complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

43.    Defendant avers that plaintiff's action is barred by her failure to initiate and exhaust applicable internal complaint procedures and remedies.

## FIFTEENTH AFFIRMATIVE DEFENSE

44.    Defendant is not liable for the intentional torts, if any, of its employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

45.    Defendant avers plaintiff's claims and requested relief are barred by her unreasonable failure to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

46.    Plaintiff's complaint fails to state a claim upon which relief may be granted.

WHEREFORE, defendant reserves the right to plead further as discovery progresses, to add counter- or cross-claims and affirmative defenses.   Defendant prays for dismissal of

20824-1

plaintiff's complaint with prejudice in its entirety, for an aware of its attorneys' fees, expenses and costs, and for such other relief as may be appropriate under the circumstances.

20824-1

Respectfully submitted,

ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 375-9131
(501) 375-1309 – fax

By:     _David P. Martin_ _____

Tim Boe
Arkansas Bar No. 74014
David P. Martin
Arkansas Bar No. 92241

## CERTIFICATE OF SERVICE

I, David P. Martin, to hereby certify that a true and correct copy of the above and foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES was mailed to Mr. Henry (Gus) Allen, Southern & Allen, 1501 North University Avenue, Suite 500, Little Rock, Arkansas 72207, on this __16th__ day of May, 2000.

_David P. Martin_ _____

David P. Martin

20824-1